IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DARREN JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:10-cv-00790-JFG |
| | ) | |
| JOHN T. RATHMAN, WARDEN, FCI TALLADEGA, ET AL., | ) ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

The petitioner has filed this action pursuant to 28 U.S.C. § 2241, alleging that the respondent has denied his Fifth Amendment rights during a prison disciplinary proceeding. (Doc. 1).[1] Pursuant to an order to show cause issued by this court, the respondent has appeared and filed a response, asserting the claim is due to be denied because the petitioner has not been disciplined in any proceeding and he has not exhausted his administrative remedies. (Doc. 5). Upon consideration, the court finds that the petitioner's claim for relief is due to be denied and dismissed.

## **PROCEDURAL HISTORY**

The petitioner filed this action of April 1, 2010, alleging that he was denied a hearing, "denied an opportunity to present witnesses or evidence in his defense," "was designated to the Special Management Unit (SMU)" at FCI Talladega "on the basis of Incident Report No. 1795008," and was subjected to the disallowance of Good Conduct Time credit, all in violation of his Fifth Amendment rights. (Doc. 1). By way of relief, he seeks expungement of the relevant

---

[1] References herein to "Doc. ___" are to the electronic file numbers located at the top of each document in the court's file.

incident report and restoration of his good time credit. (*Id*.) The respondent was ordered to appear and show cause why the requested relief should not be granted. (Doc. 3). In his response, the Warden asserts that the petitioner is improperly challenging the conditions of his confinement and not the "fact or duration" of his confinement and that he has not exhausted available administrative remedies. (Doc. 5). The petitioner was afforded an opportunity to reply to the Warden's response but failed to do so. (See Doc. 3). The matter, therefore, is ripe for disposition.

## FACTS

The petitioner is serving a 322 month sentence for drug and firearms violations. He has a good conduct release date of September 12, 2020. This action has its genesis in an inmate-on-inmate assault on September 16, 2008, involving several inmates, the use of weapons, and serious injuries to five inmate victims. Two of the injured inmates required emergency treatment at a local hospital due to the severity of their injuries. (Doc. 5; Ex. B).[2] The petitioner was served with a copy of the incident report on October 31, 2008. (*Id*.) The matter was referred to the Federal Bureau of Investigation for review. (Ex. C). Accordingly, the incident report was deleted in the Bureau of Prisons system. (Ex. D). The FBI declined to prosecute the case, and the matter was referred to the BOP for administrative proceedings. (Doc. 5 at 3 of 11).

A new incident report was issued and served on the petitioner on July 17, 2009. (Ex. E). The processing of the matter commenced, including the appointment of a staff representative for the petitioner and additional investigation at the petitioner's request. (Doc. 5 at 3 of 11; Ex. G & H). The petitioner was transferred to Oakdale, Louisiana, and then to FCI Talladega. As of

---

[2]References herein to "Ex. __" are to the exhibits submitted by the respondent in document 5 of the record.

December 2010, his disciplinary hearing was still pending. (Ex. L). As best this court can discern at this juncture, the petitioner still has not suffered any adverse determination by a BOP disciplinary proceeding. He has not suffered the forfeiture of any Good Conduct Time related to this incident. (Ex. L & M).

## DISCUSSION

The respondent argues that this petition is due to be dismissed for two reasons. First, this habeas corpus petition is not the correct vehicle to the extent the petitioner challenges the conditions of his confinement, as opposed to the "fact or duration" of his confinement. (Doc. 5 at 5 of 11). Second, he asserts that the petitioner has not exhausted his administrative remedies. (*Id*. at 7 of 11). The court finds that the respondent is correct as to both assertions.

To the extent that the petitioner is challenging his placement in the SMU, it is a challenge to the condition of his confinement and, therefore, not proper for consideration is this habeas action. *See Lorenzo Pena-Morfe v. Walt Wells*, 2010 WL 3360462 (S.D. Ga. 2010) (stating that habeas corpus is not available for prisoners complaining about mistreatment and placement in the SMU). Accordingly, this aspect of his claim is due to be dismissed.

To the extent that he challenges the forfeiture of Good Conduct Time, he is entitled to no relief for a number of reasons. First, the record is clear that he has not been sanctioned for any violation at this time. (Ex. M at ¶ 6; Ex. N at ¶ 4). Second, if a disciplinary sanction is imposed, he will have a full panoply of administrative review options available to him. *See* 28 C.F.R. §§ 541.10-23 & 542.10, *et seq*. (Ex. M at ¶ 7; Ex. N at ¶ 3). He must exhaust those remedies before seeking review in this court. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (holding that a prisoner who is denied parole must exhaust administrative remedies before filing

a § 2241 petition); *United States v. Lucas*, 898 F.2d 1554 (11th Cir. 1990) (holding that an inmate seeking credit against his sentence must exhaust his administrative remedies). Accordingly, this petition is due to be dismissed.

## CONCLUSION

Premised on the foregoing, the court finds that this petition is due to be denied and dismissed. An order in accordance with this finding will be entered.

**DONE and ORDERED 18 August 2011.**

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.